# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TIMOTHY CORRIGAN and JANET
CORRIGAN, individually and on behalf of a
Class of persons similarly situated,

        Plaintiffs,

   v.

FIRST HORIZON HOME LOANS,

        Defendant.

_____/

Civil Action No. 4:09-cv-12721
Hon. Mark A. Goldsmith
Magistrate Judge Virginia M. Morgan

## **STIPULATED PROTECTIVE ORDER**

It appearing to the Court that a Protective Order is necessary, appropriate, and will facilitate discovery, and that all parties hereto so agree, IT IS HEREBY ORDERED THAT:

1. The following procedures shall govern the production and use of any document, any portion of a document, or information contained in a document, answer to a deposition question, interrogatory answer or tangible things produced by any party or non-party, whether written, electronic, oral, visual, or contained in documents, transcripts, or in any other form ("Discovery Materials") produced in this action.

2. A party to this action may designate as "CONFIDENTIAL" any Discovery Materials which it reasonably and in good faith believes contains proprietary, confidential, sensitive or non-public material or information. (Hereinafter, the party which seeks to designate information as CONFIDENTIAL will be referred to as the "Designating Party.")

3. When producing Discovery Materials, the producing party shall designate CONFIDENTIAL, as appropriate, any document to be so designated. The designation of

documents as CONFIDENTIAL shall be made by the Designating Party in a written letter accompanying the production to a party or by stamping such documents as "CONFIDENTIAL." Documents may be designated CONFIDENTIAL at any time, including that a party may designate a document as CONFIDENTIAL after it was earlier produced without such a designation, and such production, in and of itself, shall not prejudice or otherwise constitute waiver of, or estoppel as to, any claim of confidentiality to which the Designating Party would otherwise be entitled.

4. In the case of deposition transcripts or transcripts of hearings or trial, designation of a specific portion of the transcript (including exhibits) which contain CONFIDENTIAL material shall be made by a statement to that effect on the record in the course of the deposition, hearing or trial by counsel, or in writing within thirty (30) days of receipt of a written transcript.

5. Non-parties producing documents in the course of this action may also designate documents as CONFIDENTIAL subject to the same protections and constraints as the parties to the action. A copy of this Order shall be served along with any subpoena served in connection with this action.

6. A party to this order will be given an opportunity to review all documents produced by non-parties that the party, in good faith, believes may contain its confidential information. The party, within thirty (30) days of receiving such documents from the producing non-party, shall designate as CONFIDENTIAL the documents that it claims contain its confidential information, and such documents shall be treated in accordance with the terms of this Order. The parties shall treat as CONFDENTIAL all documents produced by a non-party until such thirty (30) days period has expired without any designation. Failure to review and

designate the documents in question until thirty (30) days of receipt from the producing non-party shall constitute the party's consent that the documents are not CONFIDENTIAL.

7. The inadvertent production of CONFIDENTIAL Discovery Materials, regardless of whether or not they have been expressly so designated, shall not waive any protection for such documents or information under this Order. At any time after the production of documents or information which the designating party considers to be CONFIDENTIAL, the designating party may make a written request that specifically identifies the documents or information and asks that they be designated and treated as CONFIDENTIAL documents or information. The receiving party(ies) shall immediately designate the identified documents or information accordingly and from then on will treat the documents or information as such.

8. Any designating party may retract its designation of a document or information as CONFIDENTIAL by giving written notice of such retraction to the parties to this litigation, particularly describing the subject document or information.

9. Except as agreed by the designating party or as otherwise provided herein, documents or information designated as CONFIDENTIAL, or information contained therein, shall be maintained in strict confidence by the party(ies) to whom they are furnished and may be disclosed by such party(ies) only to authorized persons entitled to access thereto under the terms of this agreement, and may be used by such party(ies) only for the purposes of this litigation and for no other purpose.

10. A party may apply to the Court at any time for a ruling that a document or information designated as CONFIDENTIAL is not entitled to such status. The party objecting to the designation shall have the burden of demonstrating that the document or information in question is not properly so designated.

11. With respect to documents or information designated as CONFIDENTIAL, or information contained therein, except as otherwise provided in this Order, such information or documents shall not be disseminated in any way by the receiving party(ies) or divulged to anyone other than the respective groups listed below:

    a. the parties to this action and their officers, directors and employees;

    b. attorneys, paralegals, stenographic and clerical employees from the law firms of counsel of record in this action; and

    c. individuals retained by any party to assist or consult for purposes of this litigation, whether or not such expert is expected to testify at trial, but only as set forth below.

12. This Order and the procedures set forth herein shall not affect the rights of designating parties to object to discovery on any grounds, nor shall it preclude any party or designating party from seeking further relief from the Court as may be appropriate under the rules of evidence, civil procedure or any other statute, rule or authority.

13. Attendance at depositions, hearings or trial at which documents or information designated CONFIDENTIAL are identified, discussed or disclosed shall be limited to those persons (excluding the stenographer or videographer) who are authorized to receive such documents or information under the terms of this Order. If any documents or information designated CONFIDENTIAL are to be used during the deposition or examination of a non-party witness, and disclosure of such documents or information is otherwise permissible under this Order, then the deponent or witness shall be given a copy of this Order and the CONFIDENTIAL documents or information may be used after the witness has been advised of the need to keep the information confidential and agrees to do so on the record

LIBA/2130386.2

14. Each party shall have the right to request that any hearing or trial or portions thereof which are likely to disclose CONFIDENTIAL material be conducted in camera.

15. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in this case shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing; (v) a memorandum of legal authority supporting sealing. See Local Rule 5.3. A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

Whenever a motion to seal is filed, the movant shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted to the undersigned district judge or to the magistrate judge to whom the matter is referred, via the link located under the "Utilities" section of CM/ECF. If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant with an appropriate designation that the documents are to be held under seal.

16. Upon final termination of this action, including all appeals, or at such other time as the parties agree, each party shall return all CONFIDENTIAL documents produced during the course of this litigation, as well as copies made thereof, to the designating party.

17. The rights and obligations contained herein shall survive the conclusion of this lawsuit and the return and/or destruction of documents and information to be treated as CONFIDENTIAL hereunder.

LIBA/2130386.2

18. This Order shall be binding upon the parties when signed.

SO ORDERED.

Dated: December 14, 2010           s/Mark A. Goldsmith
    Flint, Michigan                MARK A. GOLDSMITH
                                        United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 14, 2010.

                                          s/Deborah J. Goltz
                                          DEBORAH J. GOLTZ
                                          Case Manager