UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY CORRIGAN and JANET CORRIGAN, individually and on behalf of a Class of persons similarly situated, | Case No.: 2:09-CV-12721<br>Hon. Mark A. Goldsmith<br>Mag. Judge Virginia M. Morgan |
| Plaintiffs, | |
| v. | |
| FIRST HORIZON HOME LOANS, | |
| Defendant._____/ | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Upon consideration of the Parties' Settlement Agreement dated May 23, 2011 (the "Settlement Agreement"), **IT IS HEREBY ORDERED AS FOLLOWS:**

1.  The Settlement Agreement and the exhibits thereto are hereby incorporated by reference in this Order as if fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Settlement Agreement.

2.  Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Fed. R. Civ. P. 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby provisionally approves the following settlement class ("Settlement Class"):

> All persons who, during the period from July 9, 2003 to July 9, 2009, obtained a Home Equity Line of Credit from First Horizon Home Loans or from First Tennessee Bank National Association.

If, for any reason, the Settlement is not approved or does not become effective, this provisional approval shall be null and void, and shall not be used or referred to for any purpose

in this Action or any other action or proceeding.

3. For settlement purposes only, and subject to further consideration at the Final Approval Hearing described in paragraph 12 below, the Settlement Class is provisionally found to meet the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3).

4. For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23, Representative Plaintiffs are conditionally designated as representatives of the Settlement Class and Class Counsel are conditionally appointed as counsel for the Settlement Class. The attorney conditionally representing the Settlement Class is:

> Thomas G. Cecil
> 368 So. Jefferson St., Ste. 200
> P.O. Box 127
> Mason, MI 48854
> Tel: (517) 676-8099
> tomcecillaw@hotmail.com

5. Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Final Approval Hearing described at paragraph 13 of this Order. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

6. Pursuant to the terms of the Settlement Agreement, Defendant is hereby directed to prepare the Class Member List. Within sixty (60) days of the date of this Order, and pursuant

to the procedures detailed in the Settlement Agreement, Defendant shall cause the Settlement Administrator to provide notice of the Settlement and of the Final Approval Hearing to each Class Member on the Class Member List by mailing to the address for the Class Member on the Class Member List a copy of the Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit B, together with a copy of the Claim Form, substantially in the form attached to the Settlement Agreement as Exhibit C. Before mailing, the Settlement Administrator shall fill in all applicable dates and deadlines in the Class Notice and Claim Form to confirm with the dates and deadlines specified for such events in this Order. The Settlement Administrator shall also have discretion to format the Class Notice and Claim Form in a reasonable manner before mailing to minimize mailing or administration costs.

7. If any Class Notice mailed pursuant to the Settlement Agreement and paragraph 6 above is returned by the United States Postal Service as undeliverable, then the Settlement Administrator shall re-mail the Class Notice, together with the Claim Form, to the forwarding address, if any, provided on the face of the returned mail. If the returned mail does not reflect a forwarding address, then the Settlement Administrator shall have no other obligation to re-mail the Class Notice and Claim Form, except as otherwise provided in the Settlement Agreement.

8. The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. This Court further finds that the Class Notice and Claim Form comply with Fed. R. Civ. P. 23 and are appropriate as part of the notice plan and the Settlement, and thus they are hereby approved and adopted. This Court further finds that no other notice other than that identified in the Settlement Agreement is reasonably necessary in the Action.

9. Any Class Member who wishes to be excluded from the Settlement Class and not

be bound by the Settlement Agreement must complete and mail or hand-deliver a request for exclusion ("Opt-Out") to the Settlement Administrator postmarked no later than sixty (60) days following the mailing of the Class Notice. For a Class Member's Opt-Out to be valid, it must be timely (as judged by the postmark deadline set forth above) and (a) state the Class Member's full name, address and telephone number; (b) contain the property address which secured the HELOC as to which the Class Member seeks exclusion; (c) contain the Class Member's personal and original signature(s) or the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (i.e., conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) unequivocally state the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all right to the benefits of the Settlement. In those cases where a Class Member includes persons who were obligors on the same HELOC, the Class Member shall be deemed a Successful Opt-Out as to that HELOC only if all obligors as to that HELOC elect to and validly opt-out in accordance with this Order and the terms of the Agreement. Any Class Member who does not submit a timely Opt-Out, or otherwise comply with all requirements for opting out as are contained in this Order, the Agreement and the Class Notice, shall be bound by the Settlement Agreement, including the Release, as embodied in paragraphs 4.01 and 4.02 of the Settlement Agreement, and any Final Judgment entered in the Action. Further, any Class Member who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement.

10. On or before the date of the Final Approval Hearing, Class Counsel, Counsel for the Defendant, and the Settlement Administrator shall create and file with the Court under seal a

comprehensive list which will include full names and addresses of Successful Opt-Outs. The list shall be maintained by this Court and the Clerk under seal in order to protect the privacy interests of those persons identified thereon.

11.     Any Class Member who is not a Successful Opt-Out and who wishes to object to the Settlement, in whole or in part, must mail or hand-deliver a written objection to the Settlement or Settlement Agreement ("Objection") to the Court, and contemporaneously mail or hand-deliver it to Class Counsel and Counsel for the Defendant, no later than 60 days following the mailing of the Class Notice. To be considered valid, each Objection must be timely (as judged by the filing deadline set forth above) and (a) set forth the Class Member's full name, current address, and telephone number; (b) contain the address(es) of the property(ies) that secured the Class Member's HELOC(s); (c) contain the Class Member's personal and original signature(s) or the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (i.e., conformed, reproduced, facsimile, or other non-original signatures are not valid); (d) state that the Class Member objects to the Settlement, in whole or in part; (e) set forth a statement of the legal and factual basis for the Objection; and (f) provide copies of any evidence or documents that the Class Member wishes to submit in support of his/her objection(s). Any Class Member who does not submit a timely and valid Objection in complete accordance with this Order, the Class Notice and the Settlement Agreement may not be treated as having filed a valid Objection to the Settlement. Objections that are untimely and/or otherwise invalid may not be considered by this Court.

12.     Within ten (10) days of this Order, Defendant shall mail a copy of this Order to the appropriate officials as required by 28 U.S.C. § 1715(b). All filings, objections, statements, or other submissions by any party or government entity noticed pursuant to 28 U.S.C. § 1715, or

5

that claims an entitlement to have been noticed under 28 U.S.C. § 1715, shall be filed with the Court, and contemporaneously mailed or hand-delivered to Class Counsel and Counsel for the Defendant, no later than 60 days following the mailing of the Class Notice.

13. A hearing (the "Final Approval Hearing") shall be held before the undersigned at **Wednesday, November 2, 2011 @ 1:30 p.m.**, in the United States District Court for the Eastern District of Michigan, 600 Church Street, Flint, MI 48502, to determine, among other things, (a) whether the proposed Settlement should be approved as fair, reasonable and adequate, (b) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members should be bound by the Release set forth in the Settlement Agreement, (d) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Release, (e) whether the Settlement Class should be finally certified, (f) the amount of attorneys' fees and costs to be awarded to Class Counsel, if any, and (g) the amount of the award to be awarded to Plaintiffs for their service as class representatives, if any. This hearing may be postponed, adjourned, or continued by order of the Court without further written notice to the Settlement Class.

14. Memoranda in support of the Settlement, applications for an Attorney Fee and Cost Award, and applications for a Representative Plaintiff Award to Representative Plaintiffs shall be filed with the Court no later than seven (7) days before the Final Approval Hearing.

15. Any Class Member, as well as any party or government entity noticed pursuant to 28 U.S.C. § 1715 (or that claims an entitlement to have been noticed under 28 U.S.C. § 1715), who wishes to appear at the Final Approval Hearing, whether pro se or through counsel, must

file a notice of appearance in the Action, and contemporaneously mail or hand-deliver the notice to Class Counsel and Counsel for the Defendant, no later than sixty (60) days following the mailing of the Class Notice. No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in an Objection, but failed to raise. Further, except by leave of Court, no party or government entity noticed pursuant to 28 U.S.C. § 1715 (or that claims an entitlement to have been noticed under 28 U.S.C. § 1715) shall be permitted to raise matters at the Final Approval Hearing that the party or government entity could have raised in a statement or other submission, but failed to raise.

16. Any Class Member who wishes to intervene in the Action or seek other relief from the Court must file with the Court, and contemporaneously mail or hand-deliver to Class Counsel and Counsel for the Defendant, an appropriate motion or application, together with all supporting pleadings or documentation, no later than sixty (60) days following the mailing of the Class Notice.

17. The postmark deadline for the submission of Valid Claim Forms shall be sixty (60) days from the deadline for the mailing of the Class Notice. The validity of Claim Forms otherwise shall be governed by the terms stated in the Settlement Agreement.

18. All other events contemplated by the Settlement Agreement to occur after this Order and before the Final Approval Hearing shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

19. Defendant and Counsel for the Defendant are hereby authorized: (a) to establish the means necessary to administer the Settlement; and (b) to retain a settlement administrator to assist in effectuating the terms of, and administering, the Settlement. This Court hereby authorizes and appoints Rust Consulting, Inc. to serve as Settlement Administrator in the Action.

20.     All proceedings in the Action, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

21.     If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the parties to the Action, and all Orders issued pursuant to the Settlement may be vacated upon a motion or stipulation from the Parties. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendant, of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed by or against Representative Plaintiffs or the Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses it may have. Nor shall this Order be construed or used to show that certification of one or more classes would or would not be appropriate if the Action were to be litigated rather than settled.

22.     Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any wrongdoing, liability, or violation of law by the Defendant, which vigorously denies all of the claims and allegations raised in the Action.

23.     The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for the Defendant and without future notice to the Class Members.

24.     Except as set forth in this Order and the Settlement Agreement, the Parties (and

Plaintiffs' Counsel and Counsel for the Defendant) shall not issue or cause to be issued any public, mass, or generalized communications about the Settlement (other than disclosures required by law), whether by press release, advertisements, Internet postings, website postings, social media or any other means or media, without prior approval of the Court and/or the express written consent of the other Party.

SO ORDERED.

Dated: May 27, 2011       s/Mark A. Goldsmith
    Flint, Michigan       MARK A. GOLDSMITH
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 27, 2011.

                                         s/Deborah J. Goltz
                                         DEBORAH J. GOLTZ
                                         Case Manager

Submitted by:
Thomas G. Cecil, PLLC
By:    Thomas G. Cecil (P56552)
368. So. Jefferson St., Ste. 200
P.O. Box 127
Mason, MI 48854
(517) 676-8099
Attorney for Plaintiffs and the Class